■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FIGUEROA, Appellant.—Judgment, Supreme Court, New York County, rendered December 8, 1975, convicting defendant, after jury trial, of the crime of criminal possession of a weapon in the third degree (Penal Law, § 265.02), and sentencing him to imprisonment for 3½ to 7 years, is unanimously reversed, on the law, and a new trial is directed. After a hearing, the trial court denied a motion to suppress the gun allegedly found in defendant's possession. We think that the court's findings that the gun was in plain view and that there was probable cause for the arrest and search, were supported by sufficient evidence and that there is no basis for us to overrule the Trial Judge's findings. Accordingly, the motion to suppress was properly denied. Although the defendant did not testify, his attorney did attempt, by his defense, to controvert defendant's possession of the gun, or at least, to show that there was reasonable doubt as to such possession. And the jury asked one or two questions indicating that this was a matter that was perhaps troubling them. The police officer was permitted to testify on direct examination by the prosecution to the following statement made by defendant: "We started to talk and I asked him what he wanted the gun for. He said he carries it because he gambles a lot and he got into an argument the last time he was gambling, and had to stab the guy and so he carries it for

protection." Defendant's attorney had been alerted to this statement at the suppression hearing. And before the officer testified, defendant's attorney specifically objected to the talk about the previous arrest for a stabbing incident. It is difficult for us to see what relevance the reference to the stabbing had to the case or to the admission. The admission could easily have been redacted so as to omit the reference to the stabbing. We think the prejudice from the failure to redact so far outweighed any remote possible legitimate relevance as to deprive the defendant of a fair trial. It is unnecessary for us to discuss other errors urged as they relate to particular incidents which are unlikely to recur on a retrial. Concur—Birns, J. P., Silverman, Fein, Markewich and Sullivan, JJ.